Delaware Valley Convalescent Center, Inc. d/b/a Medicenter—Bristol, Petitioner *v.* Frank S. Beal, Secretary of the Pennsylvania Department of Public Welfare and the Pennsylvania Department of Public Welfare, Respondents.

Argued December 6, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS, BLATT and DiSALLE.

178

*Shirley D. Weisman,* for petitioner.

*Howard M. Snyder,* Deputy Attorney General, with him *Michael McGinley,* Assistant Attorney General, *J. Justin Blewitt, Jr.,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE DiSALLE, March 6, 1978:

This case comes before us upon a petition for review filed in our original jurisdiction by the Delaware Valley Convalescent Center, Inc., doing business as Medicenter (Petitioner). Presently before us are the preliminary objections filed by the Pennsylvania Department of Public Welfare and Frank S. Beal, Secretary of the Department (Respondents).

Petitioner is a licensed nursing home which provides care services to Medicaid patients pursuant to Subchapter XIX of the Social Security Act, 42 U.S.C.A. §1396 et seq. Petitioner participates in the Pennsylvania Medical Assistance Program (PMAP) under one year contracts which are renewed annually.

On July 1, 1976, Respondents issued regulations setting statewide maximum reimbursement ceilings for nursing facilities which participate in PMAP.[1] Peti-

_____
[1] 6 Pa. Bulletin 1494-1503.

tioner contends that these reimbursement ceilings are unlawful because they are based in part upon the availability of funds and were imposed without adequate discussion at public hearings, all of this being in contravention of the Social Security Act. Petitioner seeks to enjoin the continued application of these ceilings and asks for ancillary damages in the form of a retroactive increase in the rate of reimbursement for the period from July 1, 1976 to September 1, 1977.

Respondents have raised numerous preliminary objections to the petition, but we need discuss only one of these to dispose of this case. Respondents contend that the present action is barred by Petitioner's failure to exhaust an adequate administrative remedy. We agree.

The Department of Public Welfare, by regulation, has provided an opportunity for a hearing to nursing facilities aggrieved by the reimbursement rate set by the Department:

V. Facility appeal procedure. In the event the facility disagrees with the interim per diem rate or annual adjustment established by the Department, the facility may request within 30 days after notification by the Department, an informal or formal hearing under the Administrative Agency Law, Act of June 4, 1945, P.S. 1388.

The facility will present written justification along with the request. Appeals will be heard within 45 days and decided within 90 days after requested.

DPW-OMP-MA Manual V at 16.

Petitioner argues that this does not provide an adequate remedy because it received, at all times, reimbursement at the ceiling level established by regulation and because, according to Petitioner, the Depart-

ment's hearing officers are prohibited by regulation from rendering any decision on the validity of a departmental regulation. Petitioner refers us to Section 275.4(h)(1) of the DPW-OIM-PA Manual[2] which states in pertinent part:

Hearing officers may not render a decision on the validity of a Departmental regulation nor may they invalidate or modify a Departmental regulation. Hearing officers must, when necessary, interpret regulations when the regulations are ambiguous.

Petitioner, however, overlooks the fact that the initial proceeding before a hearing officer is but one step in the administrative appeal process provided by the regulations. Section 275.4(h)(4) of the DPW-OIM-PA Manual[3] provides pertinently:

The decision of the hearing officer is subject to reversal by the Secretary or his designee, the Executive Director, Hearing and Appeals Unit. . . . No findings of fact made by the Hearing Officer will be subject to reversal.

It is clear from a reading of this regulation that the Secretary or his designee may consider questions of law such as the validity of the maximum ceiling regulations challenged here. Indeed, one of the express objectives of the appeal and fair hearing procedure is "[t]o reveal aspects of Departmental regulations that are deficient, inequitable or constitute a misconstruction of law." Section 275.1(b)(4) of the DPW-OIM-PA Manual.[4] From our reading of the regulations, it is apparent that they establish a procedural framework in which hearing officers find facts

---

[2] Formerly Section 3599 of the Pa. Manual.
· [3] Formerly Section 3599.3 of the Pa. Manual.
[4] Formerly Section 3590.2(d) of the Pa. Manual.

and interpret regulations, but in which the critical question of the validity of a regulation has been reserved for the Secretary.[5] We see no defect in such an administrative appeal procedure such as to render it useless or ineffective.

In *Aristocrat South, Inc. v. Mathews*, 420 F. Supp. 23 (D.D.C. 1976), the court dealt with a case very similar to the present one. Several nursing facilities challenged the regulations used to determine reimbursements under the Medicare program. As in the present case, the plaintiffs contended that they need not resort to the administrative remedy provided by statute because the initial level of administrative review, the Provider Reimbursement Review Board (PRRB), could not render a decision on the validity of the reimbursement regulations. The court rejected this contention on the ground that a determination of the validity of regulations could be made by the Secretary of the Department of Health, Education and Welfare, even if not by the PRRB. *Aristocrat South, supra* at 25-26. Our review of the appeal procedure involved in the present case leads us to the same conclusion. The Petitioner has failed to exhaust an adequate administrative review process which must be resorted to as a prerequisite to obtaining judicial review.

The petition is dismissed.

## ORDER

AND Now, this 6th day of March, 1978, the Petition for Review filed by the Delaware Valley Convalescent Center, Inc., d/b/a Medicenter, is hereby dismissed.

---

[5] Analogously, where an administrative agency has been precluded from deciding a question of law, the agency's role as the builder of the factual record predisposes the courts to requiring resort to the administrative remedy prior to any judicial action or review. *See City of Philadelphia v. Kenny*, 28 Pa. Commonwealth Ct. 531, 549, 369 A.2d 1343, 1353 (1977).