Samuel D. Brog, t/a Brog Pharmacy et al., Petitioners *v.* Commonwealth of Pennsylvania, Department of Public Welfare and Frank S. Beal, Secretary of Public Welfare, Respondents.

Argued February 6, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS, BLATT, DISALLE and CRAIG. Judges MENCER and MACPHAIL did not participate.

*Gerald F. Tietz,* with him *Robert G. Bauer,* and *Abraham, Pressman, Tietz & Seidman,* for plaintiffs.

*Robert E. Kelly,* Deputy Attorney General, with him *Norman J. Watkins,* Deputy Attorney General, and *J. Justin Blewitt,* Acting Attorney General, for respondents.

OPINION BY JUDGE CRAIG, May 23, 1979:

Plaintiffs, operators of pharmacies in Philadelphia filed a complaint in equity and a petition for declaratory judgment against the Department of Public Welfare (DPW) in this Court, invoking our original jurisdiction. The actions challenge the validity of Section 9413.61 of DPW'S Medical Assistance (MA) regulations, which provides a discount pass-through to pharmacies which do a large volume of medical assistance business.

The two actions were ordered by the court to be treated as petitions for review. They were then consolidated and DPW filed preliminary objections, which are presently before this Court.

The portion of Section 9413.61 being challenged by plaintiffs states:

> However, there will be a 4% discount off the average wholesale price (AWP) for pharmacies grossing over $50,000.00 per year under the Medical Assistance Program and a 2% discount off the AWP for pharmacies grossing between $25,000.00 and $50,000.00 per year. Those pharmacies receiving less than $25,000.00 will be reimbursed up to the full AWP plus the $2.00 dispensing fee.

DPW argues in its brief in support of preliminary objections that the petition for review brought by plaintiffs must be dismissed because plaintiffs have failed to exhaust the administrative remedies available within DPW. However, DPW did not raise that question anywhere in its preliminary objections.

Therefore, we are faced with two separate issues. First, we must determine whether DPW's failure to raise plaintiffs' failure to exhaust administrative remedies by preliminary objection is a waiver of that defense. If not, we must then determine whether there was a failure by plaintiffs to exhaust administrative remedies, requiring us to remand to DPW for further administrative action.

Taking the second issue first, it is apparent that had DPW raised plaintiffs' failure to exhaust administrative remedies in its preliminary objections, we would have been compelled to dismiss plaintiffs' petitions, as we did in *Delaware Valley Convalescent Center, Inc. v. Beal*, 34 Pa. Commonwealth Ct. 177, 382 A.2d 1290 (1978). There, the petitioner sought to enjoin DPW from applying the reimbursement ceilings to nursing homes which it had established by regulation, contending they were unlawful. DPW, by preliminary objection, argued that the petitioner had failed to exhaust an adequate administrative remedy by failing to appeal its reimbursement as provided by regulations. The regulation there stated that in the event a facility was dissatisfied with its rate of reimbursement, it could request a hearing within 30 days.

The petitioner argued that the regulation did not provide an adequate remedy because the petitioner received the maximum reimbursement established by regulation, and because DPW's hearing officers were prohibited by regulation from rendering any decision on the validity of the departmental regulation. However, as Judge DiSalle stated:

> Petitioner, however, overlooks the fact that the initial proceeding before a hearing officer is but one step in the administrative appeal process provided by the regulations. . . .
>
> From our reading of the regulations, it is apparent that they establish a procedural

framework in which hearing officers find facts and interpret regulations but in which the critical question of the validity of a regulation, has been reserved for the Secretary.[5] We see no defect in such an administrative appeal procedure such as to render it useless or ineffective.

[5] Analogously, where an administrative agency has been precluded from deciding a question of law, the agency's role as the builder of the factual record predisposes the courts to requiring resort to the administrative remedy prior to any judicial action or review. See City of Philadelphia v. Kenny, 28 Pa. Commonwealth Ct. 531, 549, 369 A.2d 1343, 1353 (1977).

34 Pa. Commonwealth Ct. at 180-81, 382 A.2d at 1292.

In the present case, DPW has a regulation providing a right of appeal for pharmacies. Section 9413.9 states:

A pharmacy or other provider of pharmaceutical services has the right to appeal any bills, or portion of bills, that are rejected for payment due to the Department's utilization review and quality control procedure.

The appeal must be submitted in writing to the Division of Utilization Review, Bureau of Medical Assistance, P.O. Box 2675, Harrisburg, Pennsylvania, 17120, within thirty (30) days of notification by the Department of an adverse decision.

Therefore, when DPW reimburses plaintiffs for bills submitted by them, less the 2% or 4% discount pass-through, plaintiffs would have thirty days in which to appeal that decision, consistent with *Delaware Valley Convalescent Center, Inc., supra.* Of course, in the event of an adverse decision by DPW, plaintiffs can seek judicial review by appealing to this Court. *Pye v. Commonwealth,* 29 Pa. Commonwealth Ct. 545, 372 A.2d 33 (1977).

However, the present case has been complicated by DPW's failure to raise the issue of exhaustion of administrative remedies, because, as stated in Pa. R.C.P. No. 1032:

A party waives all defenses and objections which he does not present either by preliminary objections, answer or reply, except

. . . .

(2) that whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter or that there has been a failure to join an indispensable party, the court shall dismiss the action.

We find that failure to exhaust administrative remedies is jurisdictional in nature, in which case it is one of the exceptions to Rule 1032, and can be raised at any time, either by the parties or by the court *sua sponte*.

As we stated in *Charleston Township Municipal Authority v. DER*, 29 Pa. Commonwealth Ct. 127, 129, 370 A.2d 758, 760 (1977): "Where an adequate administrative remedy is provided by statute this Court lacks jurisdiction to entertain a suit either in law or equity."

Although in the present case the administrative remedy is not specifically provided by statute, Section 403 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §403(b) requires DPW to promulgate regulations as to eligibility for, and the nature and extent of, public assistance. DPW having done so, its regulations have the force and effect of law. *Commonwealth v. Beck Electric Construction, Inc.*, 32 Pa. Commonwealth Ct. 229, 379 A.2d 626 (1977). It follows that where an administrative remedy is provided by regulation, this Court also lacks jurisdiction to entertain a suit, and must therefore dismiss the petitions for review. This result is man-

dated by our interest in and concern for maintaining the integrity of the administrative process. *Pye, supra.*

Because of our decision in this case, it is unnecessary to decide DPW's preliminary objections.

We dismiss plaintiffs' petitions for review.

### Order

And Now, this 23rd day of May, 1979, the petitions for review filed by plaintiffs are dismissed.