J-A17018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWALT 2005-01CB | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| COMMONWEALTH LAND TITLE INSURANCE AND FIDELITY NATIONAL TITLE GROUP | |
| Appellee | No. 2708 EDA 2015 |

Appeal from the Order Entered July 28, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): June Term, 2014, No. 709

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED NOVEMBER 18, 2016**

The Bank of New York Mellon f/k/a the Bank of New York, as Trustee for the Certificate Holders of CWALT 2005-01CB ("BNY Mellon"), appeals from the order entered in the Court of Common Pleas of Philadelphia County, which granted judgment on the pleadings in favor of Commonwealth Land Title Insurance ("Commonwealth Land") and Fidelity National Title Group ("Fidelity").

BNY Mellon initiated the instant action by writ on June 5, 2014. Following a period of pre-complaint discovery, BNY Mellon filed a complaint

_____

[*] Retired Senior Judge assigned to the Superior Court.

on June 5, 2015, asserting its entitlement to coverage under a title insurance policy as the result of an assignment from nonparty Gateway Funding Diversified Mortgage Services, LP ("Gateway").

Gateway loaned nonparties William and Arlene Segar (the "Segars") funds to enable the Segars to purchase real property located at 219 McCombs Road, Venetia, Pennsylvania (the "Property") in 2004. In connection with the loan to the Segars, Gateway obtained a commitment to issue a policy of title insurance from nonparty Commonwealth Abstract and Closing Services ("Commonwealth Abstract"),[1] provided that certain conditions precedent were met (the "Commitment").

One of the conditions precedent required to be satisfied before a title insurance policy would be issued was the discharge of a prior mortgage on the Property, referred to in the complaint as the "Wolper Mortgage." *See* Complaint, at ¶5. The Wolper Mortgage was not satisfied in 2004 and allegedly continues to encumber the Property. *Id.*

BNY Mellon asserted in its complaint that the settlement agent, nonparty James Marchewka, Esquire, defrauded the Segars and other parties to the transaction by failing to advance the funds necessary to discharge the

_____

[1] We note that Commonwealth Abstract is a business entity that shares a name similar to, but is distinct from, Appellee Commonwealth Land. For purposes of the Commitment, Commonwealth Abstract was acting as Commonwealth Land's issuing agent. Throughout its Brief, BNY Mellon conflates the two entities.

Wolper Mortgage, and, as a result, Commonwealth Land did not issue a title insurance policy despite the Commitment provided by Commonwealth Abstract. On this basis, BNY Mellon included claims in its complaint for breach of contract and bad faith for the failure to issue a title insurance policy. BNY Mellon also pled negligence and vicarious liability/*respondeat superior* claims, in the alternative, based upon Marchewka's actions as settlement agent.

On June 26, 2015 and June 29, 2015, Appellees Commonwealth Land and Fidelity, respectively, filed motions for judgment on the pleadings. The trial court granted the motions in favor of both Appellees on July 28, 2015, finding that the breach of contract and bad faith claims failed because no policy of title insurance was ever issued. Additionally, the negligence and *respondeat superior* claims were found to be barred by the statute of limitations. Thereafter, the court denied a motion for reconsideration, and this timely appeal followed.[2]

On appeal, BNY Mellon raises the following issues for our review:

---

[2] Appellees filed a motion to quash BNY Mellon's appeal on the ground that BNY Mellon's brief fails to include corresponding answers to each question raised, as required by Pa.R.A.P. 2116. Additionally, Appellees assert that the second question raised on appeal deals with discovery issues not addressed by an order of the trial court. However, as we are able to identify the issues raised by BNY Mellon, and the second question apparently attempts to raise issues of material fact, we deny the motion to quash and address the issues on the merits in this memorandum.

1. Whether the trial court erred in granting [Appellees'] <u>unverified</u> Motion for Judgment on the Pleadings, by assuming facts not in evidence and dismissing breach of contract counts as barred by the statute of limitations and preventing [BNY Mellon] from conducting any discovery on relevant issues of fact including [Appellees'] failure to produce the closing file from 2004.

2. Whether the trial court erred, in dismissing [BNY Mellon's] complaint, thereby denying[ BNY Mellon] an opportunity to explore unresolved issues of fact[,] which include the role of [Appellees] and [an] employee in the closing of the property in 2004[,] the responsibility of [Appellees] to record the mortgage[,] the unresolved issue of where and whether the closing took place at Commonwealth['s] or Fidelity's office, the extent to which [Appellees] actually participated in the closing, and the defalcation of the mortgage money by [Appellees'] own employee.

Brief for Appellant, at 9.

Our review of a trial court's decision to grant a motion for judgment on the pleadings

is limited to determining whether the trial court committed an error of law or whether there were facts presented which warrant a jury trial. In conducting this review, we look only to the pleadings and any documents properly attached thereto. "Judgment on the pleadings is proper only where the pleadings evidence that there are no material facts in dispute such that a trial by jury would be unnecessary."

*Maryland Cas. Co. v. Odyssey Contracting Corp.*, 894 A.2d 750, 753 (Pa. Super. 2006) (quoting *Travelers Cas. & Sur. Co. v. Castegnaro*, 772 A.2d 456, 459 (Pa. 2001)). Further,

[w]e must accept as true all well[-]pleaded statements of fact of the party against whom the motion is granted and consider against him only those facts that he specifically admits. We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

***Minnich v. Yost***, 817 A.2d 538, 541 (Pa. Super. 2003)

In its first issue, BNY Mellon asserts that the trial court assumed facts not in evidence. However, in the argument section of its brief, BNY Mellon's sole assertion in support of this claim is that the court "misapprehended a critical fact . . . in holding that [BNY Mellon] failed to complete a condition precedent necessary for the issuance of title insurance. **The satisfaction of the mortgage as a condition precedent was the obligation of [Appellees]**." Brief for Appellant, at 14 (emphasis in original). This argument is without merit.

By the terms of the Commitment, Commonwealth Land was obligated to issue a title insurance policy only if certain conditions precedent were met, including the discharge of the Wolper Mortgage. Accordingly, as BNY Mellon averred, and the trial court accepted as true, when the Wolper Mortgage was not discharged because Attorney Marchewka failed to advance the necessary funds, a title insurance policy was not issued. Thus, the title insurance policy, the would-be contract at issue in this matter, never came into being. Therefore, the trial court correctly determined that BNY Mellon's contract and bad faith claims could not stand as a matter of law. ***Minnich***, ***supra***.

BNY Mellon also argues in its first issue that the trial court erred by applying a two-year statute of limitations to its contract claims. Indeed, the trial court applied a two-year statute of limitations in dismissing BNY Mellon's negligence and *respondeat superior* claims, since BNY Mellon was

put on notice that a title insurance policy had not been issued on August 23, 2010, and did not initiate the instant action until 2014. However, as discussed above, BNY Mellon's contract claims were properly dismissed on grounds not involving the statute of limitations. It appears that BNY Mellon has conflated the court's treatment of its contract and tort claims, and as BNY Mellon has cited no authority contrary to the court's ruling, we discern no error.

Finally, BNY Mellon argues that it did not have an opportunity to explore factual issues and obtain discovery and information regarding:

- The closing file[,] including all documents relating to the mortgages that were recorded without receipt of funds;

- The file of [Appellees'] approved agent employee [Attorney] Marchewka;

- Information on where the closing took place;

- Information on why the mortgages were recorded [despite] the fact that the lender was not paid;

- The criminal records of [Attorney] Marchewka;

- Why [Appellees] did not tender a policy;

- Why [Appellees] did not notify [Gateway] of the defalcated funds until 2010.

Brief for Appellant, at 19.

Although BNY Mellon lists several areas of factual uncertainty, none of the issues raised either changes the fact that the condition of removing the Wolper Mortgage was not met or alters the applicability of the statute of limitations to BNY Mellon's negligence and *respondeat superior* claims.

Indeed, BNY Mellon makes no attempt to explain how the factual issues raised would be material to or would alter the determination made by the court below. Accordingly, a trial would be unnecessary because the material facts remain undisputed. *Maryland Cas. Co.*, *supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/2016