IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Pergolini,                        :
                     Petitioner           :
                                          :
          v.                              :  No. 504 C.D. 2019
                                          :  SUBMITTED: September 6, 2019
Pennsylvania Board of                     :
Probation and Parole,                     :
                     Respondent           :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                          FILED: January 13, 2020

Petitioner Michael Pergolini (Pergolini) petitions for review of Respondent Pennsylvania Board of Probation and Parole's (Board) March 26, 2019 ruling affirming its April 19, 2018 decision to recommit Pergolini as a convicted parole violator (CPV) to serve 12 months of backtime, as well as to award him no credit for time served at liberty on parole. After thorough consideration, we affirm the Board.

## Facts and Procedural History

On January 6, 2014, Pergolini pled guilty in the Court of Common Pleas of Delaware County (Trial Court) to one count of driving under the influence and received a sentence of 9 to 60 months in state prison. Certified Record (C.R.) at 1. Pergolini was paroled on December 30, 2014, at which point the maximum date on his sentence was January 27, 2019. *Id.* at 6. On June 9, 2015, the Board issued an administrative action asserting that there was probable cause to believe that Pergolini

had committed drug-related technical parole violations. *Id.* at 10. The Board stated that Pergolini should consequently be detained in a parole violator center, and that a parole violation hearing would be "held in abeyance, pending completion of recommended programming [at the center]." *Id.* On July 13, 2015, the Board ordered Pergolini to be recommitted for six months as a technical parole violator (TPV), due to his usage of drugs and failure to successfully complete the required treatment programs. *Id.* at 11. Pergolini was again paroled on November 11, 2015, and was released to live with his parents in Boothwyn, Pennsylvania. *Id.* at 16-17.

On October 14, 2017, at approximately 2:20 a.m., Pergolini was stopped by police officers in Upper Chichester, Pennsylvania, who had observed him driving erratically. *Id.* at 28. The officers administered a field sobriety test and concluded that Pergolini was under the influence of either drugs or alcohol. *Id.* Pergolini subsequently tried to flee the scene on foot, but was subdued and arrested by the officers after a brief chase. *Id.* As a result, Pergolini was charged with driving under the influence, escape, recklessly endangering another person, resisting arrest, and multiple summary offenses. *Id.* The Board lodged a detainer against Pergolini that same day and, on November 29, 2017, issued an administrative decision ordering Pergolini to be detained pending resolution of the Upper Chichester charges. *Id.* at 27, 44. On February 6, 2018, Pergolini pled guilty in the Trial Court to driving under the influence and escape, and was given an aggregate sentence of 15 to 60 months in state prison. *Id.* at 51, 56.

On March 5, 2018, Pergolini waived his right to a parole revocation hearing, as well as to representation by counsel, and admitted to the veracity of his February 6, 2018 guilty plea. *Id.* at 57-60. Thereafter, on April 19, 2018, the Board ordered Pergolini to be recommitted as a CPV to serve 12 months of backtime. *Id.* at 75-76.

2

The Board also elected not to award Pergolini any credit for time served at liberty on parole, due to Pergolini's "unresolved drug and alcohol issues[,]" and recalculated his maximum date as October 29, 2021. *Id.* at 75.

Pergolini then mailed a timely Administrative Remedies Form to the Board. Therein, Pergolini explained that he believed the Board had given him two separate, year-long backtime recommitments, for a total of two years of backtime. *Id.* at 79. Pergolini asked the Board to alter the terms of this decision, so that the two recommitment terms would run concurrently with each other or with his February 2018 sentence. *Id.* It is unclear why Pergolini thought he had to serve two years of backtime, as this conclusion is not supported by the Board's April 19, 2018 decision itself. *See id.* at 75. On March 7, 2019, a private attorney representing Pergolini sent a letter to the Board, asserting that it had miscalculated Pergolini's parole eligibility date and requesting the correction of this alleged error. *Id.* at 81. The Board then issued a revised decision on March 26, 2019, changing Pergolini's maximum date from October 29, 2021, to June 19, 2021, but leaving the remainder of its April 19, 2018 decision unchanged. *Id.* at 84. The Board revised Pergolini's maximum date in order to comply with our Court's holding in *Penjuke v. Pennsylvania Board of Probation and Parole*, 203 A.3d 401 (Pa. Cmwlth. 2019), in which we ruled that street time credit awarded to a TPV by the Board could not then be revoked in the event the Board declared him a CPV at some point thereafter. Board's Br. at 4-5; *see Penjuke*, 203 A.3d at 420.

That same day, the Board responded to both Pergolini's Administrative Remedies Form and his attorney's letter, affirming its April 19, 2018 decision on the basis that it was authorized by law not to award him any credit for time served at

3

liberty on parole, as well as that it had correctly calculated both the time left on his January 2014 sentence and his maximum date. *Id.* at 88-89.

On April 24, 2019, Pergolini filed his *pro se* Petition for Review, after which we appointed the Public Defender of Montgomery County to represent him. Assistant Public Defender Dana E. Greenspan, Esquire, then entered her appearance in this matter on May 14, 2019. Both Pergolini and the Board have since filed their respective appellate briefs and this matter is now ready for our consideration.

**Discussion**

On appeal, Pergolini alleges that the Board abused its discretion by denying him credit for time served at liberty on parole. In essence, Pergolini claims that the Board did not properly consider the great efforts he had made to overcome his substance abuse issues between being paroled on November 11, 2015, and being arrested on October 14, 2017. Pergolini's Br. at 12-17. Pergolini argues that it is inherently unfair that one slip-up would result in the complete loss of his street time. *Id.* Pergolini further maintains that the Board's explanation for why it did not give him any such credit (*i.e.*, "unresolved drug and alcohol issues") did not satisfy the requirements set forth by our Supreme Court in *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 475 (Pa. 2017). Pergolini's Br. at 12-13.[1] On these bases, Pergolini requests that we remand this matter to the Board, so that it may conduct a more in-depth inquiry into whether the factual circumstances of his situation justify granting him full or partial street time credit. *Id.* at 17.

---

[1] In *Pittman*, our Supreme Court held that the Board has discretionary power in certain circumstances to award credit for time served at liberty on parole, by virtue of Section 6138(a)(2.1) of the Prisons and Parole Code, 61 Pa. C.S. § 6138(a)(2.1), but must provide a contemporaneous and reasonable explanation if it declines to make such an award. 159 A.3d at 473-75.

Before addressing the substantive merits of Pergolini's arguments, however, we must first address the issue of waiver. A fundamental precept of appellate review is that a party cannot argue an issue on appeal if they failed to first raise it at the administrative level.[2] 2 Pa. C.S. § 703(a); Pa. R.A.P. 1551; *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993). Though the Board does not challenge Pergolini's Petition for Review on this basis, we may *sua sponte* consider whether he waived any such issues, as the question of issue preservation is jurisdictional in nature. *Lehman v. Pa. State Police*, 839 A.2d 265, 274-75 (Pa. 2003); *Brog v. Dep't of Pub. Welfare*, 401 A.2d 613, 615 (Pa. Cmwlth. 1979). Here, Pergolini made clear in his Administrative Remedies Form that he contested the Board's April 19, 2018 decision because he believed, albeit incorrectly, that the Board had given him 2 separate, 12-month-long backtime recommitments, for a total of 2 years of backtime. C.R. at 79. At no point did Pergolini expressly or impliedly attack either the Board's denial of street time credit itself or the sufficiency of its explanation for this denial. *See id.* Therefore, as Pergolini did not raise what can be construed as a *Pittman* challenge before the Board, or otherwise contest at the administrative level the Board's discretionary denial of street time credit, we hold that he has waived these issues for purposes of appellate review.[3] *See Headley v. Pa.*

---

[2] There are several exceptions to this rule, none of which are applicable to this matter.

[3] Moreover, even if Pergolini had preserved these claims, we would not have found in his favor. Our standard of review in this type of matter is limited to determining whether the Board violated a parole violator's constitutional rights, committed an error of law, or issued an adjudication that was not supported by substantial evidence (*i.e.*, abused its discretion). Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704. "Substantial evidence" is defined "as such relevant evidence which a reasonable mind might accept as adequate to support a conclusion." *Singer v. Bureau of Prof'l & Occupational Affairs, State Bd. of Psychology*, 633 A.2d 246, 248 (Pa. Cmwlth. 1993). Pergolini waived his right to a revocation hearing, leaving the Board with a cold record, so to speak, which showed a multi-year saga of repeated substance abuse-related

*Bd. of Prob. & Parole* (Pa. Cmwlth., No. 2553 C.D. 2015, filed May 2, 2017), slip op. at 5-6, 2017 WL 1629441, at \*2-\*3 (administrative challenge to a Board decision only preserves for appellate review those issues expressly or impliedly flowing from the wording used by the parole violator on his Administrative Remedies Form).[4]

## Conclusion

As Pergolini has waived the sole issue he raised in his appellate brief, we are compelled to affirm the Board's March 26, 2019 ruling that affirmed its April 19, 2018 decision, as modified.

_____
ELLEN CEISLER, Judge

---

arrests, convictions, and parole violations. The Board based its denial of street time credit on this history. Though the Board's justification for its credit denial is extremely brief, our Supreme Court has made clear that "the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances." *Pittman*, 159 A.3d at 475 n.12. Given Pergolini's past performance, the Board's statement that he would not get any credit for time served at liberty on parole because of his "unresolved drug and alcohol issues" was acceptable. *See Smoak v. Talaber*, 193 A.3d 1160, 1165 (Pa. Cmwlth. 2018) (Board's statement that it was denying a CPV street time credit due to "unresolved drug and alcohol issues" was "barely adequate" to satisfy the dictates of *Pittman* and 61 Pa. C.S. § 6138(a)(2.1)). We would have thus found that the Board neither abused its discretion, nor committed an error of law, and would have affirmed the Board's March 26, 2019 ruling on that basis.

[4] *See* Commonwealth Court Internal Operating Procedure § 414(a), 210 Pa. Code § 69.414(a) (unreported Commonwealth Court opinions issued after January 15, 2008, may be cited for their persuasive value).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Pergolini,                    :
                    Petitioner        :
                                      :
        v.                            :   No. 504 C.D. 2019
                                      :
Pennsylvania Board of                 :
Probation and Parole,                 :
                    Respondent        :

# **O R D E R**


AND NOW, this 13th day of January, 2020, Respondent Pennsylvania Board of Probation and Parole's (Board) March 26, 2019 ruling, through which the Board affirmed its April 19, 2018 decision, as modified on March 26, 2019, that recommitted Petitioner Michael Pergolini to serve 12 months of backtime as a convicted parole violator and recalculated his maximum date as June 19, 2021, is AFFIRMED.


_____
ELLEN CEISLER, Judge