537 A.2d 96

Pennsylvania Legislative Correspondents' Association by Harry Stoffer, David Morris, Thomas Cole, Stephen Drachler, Richard Kirkpatrick, Trustees ad Litem, Petitioners *v.* The Senate of Pennsylvania and The House of Representatives of Pennsylvania, Respondents.

Argued November 18, 1987, before President Judge CRUMLISH, JR., and Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Samuel E. Klein,* with him, *Katherine Hatton* and *Kerry L. Adams, Kohn, Savett, Klein & Graf, P.C.,* for petitioners.

*C. Clark Hodgson, Jr.,* with him, *Ursula B. Bartels* and *Lawrence C. Norford, Stradley, Ronon, Stevens & Young,* for respondents.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 10, 1988:

The Pennsylvania Legislative Correspondents' Association filed a petition for review in this Court's original jurisdiction, 42 Pa. C. S. §761(a)(1), requesting us to declare[1] that the passage of the 1987-88 Commonwealth

---

[1] Jurisdiction and venue of Sunshine Act proceedings is established in Section 15 of the Act of July 3, 1986, P.L. 388, 65 P.S. §285. The Sunshine Act consists of Sections 1—16 of the Act of July 3, 1986, P.L. 388, 65 P.S. §§271—286.

budget, House Bill No. 209 (H.B. 209), and the legislative, executive and judicial salary bill, House Bill No. 1288 (H.B. 1288), violated Section 12 of the Sunshine Act.[2] Named as respondents are the Senate of Pennsylvania and the House of Representatives. Before the Court at this time are preliminary objections filed by the Senate and House.

The Association's pleadings reveal the bewildering history of both House bills. On February 3, 1987, H.B. 209 was introduced and proposed an appropriation of $2,622,000 to operate the Office of Consumer Advocate during fiscal year 1987-88. After House approval, the Senate Appropriations Committee reduced the amount to $1.00. On the Senate floor, the appropriation to the Consumer Advocate was eliminated and was replaced by an appropriation to pay rental charges to the General State Authority. The House non-concurred in the Senate amendments on June 8, 1987. In order to attempt to resolve differences, the Senate President Pro Tempore and House Speaker appointed a conference committee[3] on July 2, 1987. The committee held a three-minute meeting early on July 3, 1987, and approved a conference report on H.B. 209 which now consisted of a $10.5 billion general fund budget for the 1987-88 fiscal year. The House and Senate approved the bill that morning.

Similarly, H.B. 1288 in its original version merely pertained to the Public School Employees Retirement Fund. A conference committee[4] was established on July

---

[2] 65 P.S. §282.

[3] The conference committee consisted of Senators John Stauffer, Richard A. Tilghman and Vincent Fumo, and Representatives James J. Manderino, Max Pievsky and Richard McClatchy.

[4] The conference committee consisted of Senators F. Joseph Loeper, William J. Lincoln and Tilghman, and Representatives Manderino, Matthew J. Ryan and Pievsky.

2, 1987, which, within one minute, approved a conference report which now provided for salary increases for legislators, judges and certain executive officials. The House and Senate approved H.B. 1288 later that morning.[5]

The Association avers that certain unnamed legislative leaders met and discussed the House bills prior to the designation of the conference committee and, as such, constituted a "de facto conference committee" whose meetings were held in violation of the Sunshine Act. Petitioners' petition for review, paragraphs 18, 26, 28.

By preliminary objections in the nature of a demurrer, the House and Senate request that the complaint be dismissed with prejudice because (1) it is barred by the Speech or Debate Clause of the Pennsylvania Constitution, Article II, Section 15; (2) it presents a nonjusticiable issue involving the General Assembly's authority to determine rules of proceeding pursuant to Pennsylvania Constitution, Article II, Section 11; and (3) it fails to state a cause of action upon which relief can be granted under the Sunshine Act.

A court should sustain preliminary objections in the nature of a demurrer only where the law provides with certainty that no recovery is possible, *Cianfrani v. State Employees' Retirement Board*, 505 Pa. 294, 479 A.2d 468 (1984), and the complaint is clearly insufficient to establish any right to relief. *County of Allegheny v. Commonwealth*, 507 Pa. 360, 490 A.2d 402 (1985).

Moreover, where both constitutional and non-constitutional issues are raised, a court should not decide constitutional questions if the complaint can be resolved on non-constitutional grounds. *Ballou v. State*

---

[5] The pleadings do not indicate whether the language of the original House bill remained in the final version.

*Ethics Commission,* 496 Pa. 127, 436 A.2d 186 (1981).
Section 12 of the Sunshine Act provides:

> Notwithstanding any other provision, for the purpose of this act, meetings of the General Assembly which are covered are as follows: *All meetings of committees where bills are considered,* all hearings where testimony is taken and all sessions of the Senate and the House of Representatives. Not included in the intent of this act are caucuses or meetings of any ethics committee created pursuant to the Rules of the Senate or the House of Representatives.

(Emphasis added.) Hence, for our purposes, we must decide whether a "meeting of committee" unopened to the public took place when H.B. 209 or H.B. 1266 was considered.

The term "meeting" is defined in Section 3 of the Sunshine Act[6] as a prearranged gathering of an agency attended by a quorum of members held for deliberating or taking official agency action. That provision also defines the term agency as "[t]he body, and *all committees* thereof *authorized by the body to take official action* or render advice on matters of agency business, of all the following: the General Assembly. . . ." (Emphasis added.)

Construed together, these definitions require that a meeting be held open where a committee, authorized by an agency, discusses or takes action on business it has been assigned to conduct.

The Association's petition states that "the reports of the conference committee . . . were based upon a series of discussions held by legislative leaders." Petitioners' petition for review, paragraph 18. It also asserts that

---

[6] 65 P.S. §273.

the discussions constituted "meetings" and avers dates certain when the unnamed individuals gathered.

Accepting these averments as true, and aware of the Association's frustration in attempting to report to the public its version of the passage of Commonwealth budgets and salary bills, we hold that the complaint fails to establish a cause of action under the Sunshine Act.

The General Assembly, through the Sunshine Act, created and defined the right of the public to be present at agency meetings. Thus, in establishing this right, the legislature also necessarily limited the public access. *See Samilo v. Commonwealth, Insurance Department,* 98 Pa. Commonwealth Ct. 232, 510 A.2d 412, 413 (1986).

A prerequisite to the opening of a General Assembly conference committee meeting is that the committee be properly established and authorized to work on its designated subject. Herein, the alleged dates of improper closed "meetings" predate the establishment of the Senate-House conference committee.[7] Unofficial gatherings of unnamed legislators for whatever purpose do not constitute "meetings" subject to the provisions of the Sunshine Act.

---

[7] Rule Number XXI of the 1987 Rules of the Senate of Pennsylvania provides, in part:

1. The President Pro Tempore shall appoint three Senators to comprise a Committee of Conference. Two shall be from the majority party and one from the minority party.

2. The deliberations of the committee shall be confined to the subject of difference between the two houses, unless both Houses shall direct a free conference, and if their authority has been exceeded it shall be the duty of the presiding officer to call it to the attention of the Senate who shall then decide the question by a majority vote of those present.

Rule Number 48 of the Rules of the House of Representatives, Commonwealth of Pennsylvania, establishes similar constraints.

The preliminary objections are sustained. The complaint is dismissed with prejudice.

ORDER

The respondents' preliminary objections are sustained. Petitioners' complaint is dismissed with prejudice.