641 A.2d 709

**The CITY OF PHILADELPHIA, ex. rel. Judith E. HARRIS, City Solicitor of the City of Philadelphia, Petitioners,**

**v.**

**PENNSYLVANIA LABOR RELATIONS BOARD and Communications Workers of America, AFL–CIO, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Dec. 17, 1993.

Decided April 29, 1994.

Howard D. Scher, for petitioners.

Stephen C. Richman and John B. Neurohr, for respondents.

Before DOYLE and FRIEDMAN, JJ., and LORD, Senior Judge.

DOYLE, Judge.

Before us in our original jurisdiction are the preliminary objections of the Pennsylvania Labor Relations Board (PLRB) and the Communication Workers of America, AFL–CIO (Un-

ion), to the City of Philadelphia's petition for review for declaratory and injunctive relief.

On June 1, 1992, the Union filed a Petition for Representation with the PLRB, under Section 603(c) of the Public Employee Relations Act (PERA),[1] to represent the following employees of the City's Law Department, many of whom are attorneys: Divisional Deputy City Solicitors; Deputy City Solicitors; the Chief Assistant City Solicitor; Assistant City Solicitors; Paralegals; the Claims Manager; and the Investigation Supervisor. The attorneys in the City's Law Department provide legal advice to City officials and departments, represent the City in litigation, approve City contracts, and draft City ordinances. These attorneys are exempt from the City's civil service system and they are hired by the City Solicitor, with the approval of the Mayor, and their compensation is approved by the Mayor.

The PLRB scheduled hearings on the Petition for Representation to be held in April of 1993. On March 26, 1993, the City filed a petition for review with this Court,[2] which the City later amended, seeking to enjoin all further PLRB proceedings in this matter and to declare that the application of PERA to the attorneys in the Law Department would impair or destroy the ability of those attorneys to represent the City in accordance with the Rules of Professional Conduct.[3] In its petition for review, the City alleges two grounds that it contends entitle it to the aforementioned relief: (1) PERA, as applied to the attorneys working in the Law Department, violates the Rules of Professional Conduct; and (2) even assuming that PERA applies to attorneys employed by the Law Department, all such attorneys are management level or confidential employes and, as such, are not protected by PERA.

1. Act of July 23, 1970, P.L. 563, 43 P.S. § 1101.603(c).

2. The City had originally filed a complaint for declaratory and injunctive relief with the Court of Common Pleas of Philadelphia County on February 23, 1993. The parties, however, agreed to discontinue that action and file a petition for review with this Court.

3. The City also filed a request for a preliminary injunction, which this Court denied on April 8, 1993.

The Union and the PLRB filed preliminary objections to the City's petition for review in the nature of a demurrer and argue that the City has not stated a claim upon which relief may be granted because (1) the City has failed to exhaust its administrative remedies provided by PERA, and (2) this Court does not have the authority to restrain the PLRB from exercising its designated powers.

A demurrer is an assertion that a complaint does not set forth a cause of action or a claim upon which relief can be granted.[4] *David v. Secretary of Department of Public Welfare*, 143 Pa.Commonwealth Ct. 161, 598 A.2d 642 (1991). The threshold issue, however, is best characterized as a challenge to this Court's jurisdiction to hear the City's petition for review.

We first consider whether we lack jurisdiction to decide the City's petition for review on the grounds that the City failed to exhaust available administrative remedies.

The doctrine of exhaustion of remedies requires a party to pursue and exhaust all available administrative remedies before a right to judicial review arises. *Norristown Fraternal Order of Police v. DeAngelis*, 148 Pa.Commonwealth Ct. 285, 611 A.2d 322 (1992); *Delaware Valley Convalescent Center, Inc. v. Beal*, 488 Pa. 292, 412 A.2d 514 (1980). The doctrine insures that claims will be heard and decided by the administrative body having special expertise in the area. *Norristown.* When an adequate administrative remedy exists, this Court does not have jurisdiction to consider an action in law or equity. *Brog v. Department of Public Welfare*, 43 Pa.Commonwealth Ct. 27, 401 A.2d 613 (1979).

4. A court should sustain a preliminary objection in the nature of demurrer only where the law provides with certainty that the plaintiff cannot recover, and the complaint is clearly insufficient to establish any right to relief. *Pennsylvania Legislative Correspondents' Ass'n v. Senate of Pennsylvania*, 113 Pa.Commonwealth Ct. 367, 537 A.2d 96, *aff'd*, 520 Pa. 82, 551 A.2d 211 (1988). In addition, a demurrer admits as true all well pled material facts as well as all inferences which may be reasonably deduced from those facts; a demurrer, however, does not admit conclusions of law. *Snyder v. City of Philadelphia*, 129 Pa.Commonwealth Ct. 89, 564 A.2d 1036 (1989).

The Union and the PLRB claim that the City has an adequate administrative remedy provided by 43 Pa.Code § 95.91 and § 95.96, which set forth the hearing procedures utilized by the PLRB for resolving disputes under PERA. The City, however, asserts that the administrative remedy provided by the PLRB is inadequate to resolve the instant dispute.

First, the City avers in its petition for review that the PLRB cannot assume jurisdiction over this dispute because this case involves questions relating to potential violations of the Rules of Professional Conduct and the Supreme Court has the exclusive authority to supervise the conduct of attorneys in the Commonwealth. The City averred that, if its attorney-employees are permitted to unionize, those attorneys *may* violate numerous Rules of Professional Conduct, including the following: Rule 1.7 (the duty of loyalty to a client and conflict of interest); Rule 1.1 (competency); Rule 1.3 (the duty to act with reasonable diligence); Rule 1.8 (the prohibition against the use of confidential client information to the disadvantage of that client); and Rule 5.4 (obligation to exercise independent professional judgment).

There is nothing in the Rules of Professional Conduct which prohibits an attorney from being a member of a union. While the City presents examples of scenarios which it believes *could* result in a bargaining unit member violating the Rules of Professional Conduct, the fact that the attorney-employees are members of a union does not in and of itself, in our view, create a situation that inevitably places those attorneys in violation of an ethical rule. In fact, when responding to questions posed by this Court at oral argument, the City's counsel was unable to provide a single example of a situation where an attorney's membership in a bargaining unit would be *certain* to result in violation of an ethical rule. Moreover, we note that every attorney, including one employed by the City, is obligated, as an individual, to comply with the Rules of Professional Conduct regardless of whether or not that attorney is a member of a union. That principle was articulated in the Canons of Ethics, specifically Ethical Consideration 5–13,

which states that "[a]lthough it is not necessarily improper for a lawyer to be ... a member of an organization of employees, he should be vigilant to safeguard his fidelity as a lawyer to his employer...."[5]

Section 103 of the Rules of Disciplinary Enforcement, Pa.R.D.E. 103, provides that the Supreme Court has declared that it has the inherent and exclusive power to supervise the conduct of attorneys under Article V, Section 10(c) of the Pennsylvania Constitution. We fail to see how, merely by allowing the PLRB to hold hearings and to determine whether the City's Law Department may form a union, the PLRB's decision will conflict with the Supreme Court's jurisdiction. The PLRB is not attempting to act as an alternative forum for the resolution of attorney disciplinary disputes, and, assuming the PLRB certifies a bargaining unit for the City's attorneys, membership of the City's attorneys in that unit will not inevitably create a violation of the Rules of Professional Conduct. And, we cannot conceive of any situation where union membership could insulate an attorney from the Supreme Court's authority to supervise his or her conduct. Therefore, we hold that neither the professional obligations of the City's attorneys nor the Supreme Court's exclusive jurisdiction over attorney disciplinary matters precludes the PLRB from determining whether those employees may form a bargaining unit under PERA.[6]

Next, the City contends that the administrative remedies available through the PLRB are inadequate, since the PLRB does not have primary or exclusive jurisdiction to determine whether the attorney-employees are management

---

5. The Canons of Ethics preexisted and were replaced by the Rules of Professional Conduct.

6. We note that on August 27, 1992, the City filed an Application for Leave to File Original Process and Extraordinary Relief with our Supreme Court, alleging that the Union's representation of Law Department employees would prevent those employees from carrying out their duties under the Rules of Professional Conduct. The Supreme Court denied that application without prejudice on October 26, 1992.

employees or confidential employees outside of the protections of PERA.[7]

Section 604 of PERA, 43 P.S. § 1101.604, states that the PLRB "shall determine the appropriateness of a unit which shall be the public employer or a subdivision thereof...." Contrary to the City's argument, our Supreme Court has held that the PLRB has exclusive jurisdiction to determine the appropriateness of a bargaining unit, and has original jurisdiction to establish the classifications of employees who are included within a bargaining unit under PERA. *Commonwealth v. State Conference of State Police Lodges of the Fraternal Order of Police*, 525 Pa. 40, 575 A.2d 94 (1990). We hold, therefore, that the PLRB has exclusive jurisdiction to determine the appropriateness of the Law Department bargaining unit, and further, to determine whether the attorneys should be excluded from that unit on the basis that they are classified as management or confidential employees.[8]

In light of the above, because the City has an available and adequate administrative remedy under PERA, this Court does

---

**7.** Under PERA, only those employees defined as *public employees* have the right to organize a union. Section 401 of PERA, 43 P.S. § 1101.401. The definition of public employee expressly states that management employees and confidential employees are not public employees. Section 103 of PERA, 35 P.S. § 1101.103.

**8.** The City cites to *West Shore School District v. West Shore Education Association*, 102 Pa.Commonwealth Ct. 574, 519 A.2d 552 (1986), *petition for allowance of appeal denied*, 517 Pa. 612, 536 A.2d 1335 (1987), for the proposition that PLRB does not have exclusive jurisdiction over the appropriateness of a bargaining unit. The issue in *West Shore* involved whether certain employees were members of a bargaining unit which had been previously certified by the PLRB and had negotiated a collective bargaining agreement with the employer. We held that the PLRB did not have exclusive jurisdiction over *that* question and that it was appropriate for an arbitrator to decide whether the employees were members of the bargaining unit. *West Shore,* however, is inapplicable here, because this case involves a petition by the City's employees under Section 603(c) of PERA, 43 P.S. § 1101.603(c), to create a new bargaining unit. The *West Shore* Court indicated that the PLRB has exclusive jurisdiction over the certification of a bargaining unit; only after a bargaining unit is certified and a collective bargaining agreement is executed, may an arbitrator decide if certain employees are members of that bargaining unit. Hence, *West Shore* is not controlling here.

not have jurisdiction to decide the City's petition for review. *Brog.* Accordingly, the preliminary objections of the PLRB and the Union are sustained and the City's petition for review is dismissed.

### ORDER

NOW, April 29, 1994, the preliminary objection in the above-captioned matter asserting that this Court lacks jurisdiction because the City of Philadelphia failed to exhaust administrative remedies is sustained. The petition for review in the above-captioned matter is hereby dismissed.