650 A.2d 1160

**Purcell BRONSON, Petitioner,**

v.

**INVESTIGATIONS DIVISION, BUR. OF SPECIAL SERVICES, DEPT. OF CORRECTIONS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 16, 1994.

Decided Nov. 21, 1994.

Purcell Bronson, pro se.

David B. Farney, Asst. Counsel, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Before this Court in our original jurisdiction are the preliminary objections of the Department of Corrections to Purcell Bronson's amended petition for review.

Bronson is a prisoner confined to the State Correctional Institution at Pittsburgh. On or about March 17, 1994, Bronson filed a petition for review with this Court seeking an order directing the Department to provide him with the results of an investigation concerning alleged ethics violations committed by an employee of the Department, Mark E. Ehnot. Bronson filed an amended petition for review on May 9, 1994, in which he avers the following relevant facts: The Investigative Division, Bureau of Special Services, is the investigative branch of the Department; the Investigative Division is responsible for investigating state prison officials and incidents surrounding the operations of state prisons. On March 11, 1988, Bronson sent a letter to the Department asking for an investigation of Mark E. Ehnot regarding violations of the Department's code of ethics. Bronson was told by an agent of the Department that an investigation would be instituted. Since that time, Bronson has requested information concerning the outcome of

the investigation, but the Department has refused his request and has failed to respond to his letters.

Bronson claims in his amended petition that his interest in this matter involves his rights to due process and equal protection of the laws. Further, he asserts that he has no adequate remedy at law. Hence, he requests an order requiring the Department to provide him with the findings of the investigation.

The Department filed preliminary objections in the nature of a demurrer and in the nature of a challenge to the factual sufficiency of Bronson's petition. With regard to the demurrer, the Department contends that Bronson's petition is, in reality, a request for mandamus relief. The Department argues that Bronson failed to establish a cause of action in mandamus because (1) Bronson has no clear legal right to compel the Department to divulge the outcome of an investigation, (2) the Department's responsibility to conduct investigations is discretionary and mandamus does not lie to compel the performance of a discretionary act, and (3) there are adequate administrative and legal remedies available to Bronson. With regard to the Department's claim that Bronson's petition is factually insufficient, the Department argues (1) that Bronson failed to plead the nature of the alleged ethics violation, and (2) the facts concerning the alleged investigation are not specific enough to determine what the investigation was about, whether the investigation was conducted, or whether the results were disclosed.

Bronson filed a reply to the Department's preliminary objections in which he states, *inter alia,* that the ethics violation of Ehnot concerned an alleged contract Bronson executed with Ehnot, the prison music teacher, to produce and arrange "inmate songs." Because of the contract, Bronson states that he has a pecuniary interest in the investigation and the enforcement of the Department's rules.

We first consider the Department's preliminary objection in the nature of a demurrer. A demurrer is an assertion that a complaint does not set forth a cause of action

on which relief can be granted. *David v. Secretary of Department of Public Welfare,* 143 Pa.Commonwealth Ct. 161, 598 A.2d 642 (1991). We may not sustain a demurrer unless the law provides with certainty that no recovery is possible, and the complaint is clearly insufficient to establish any right to relief. *Pennsylvania Legislative Correspondent's Ass'n. v. Senate of Pennsylvania,* 113 Pa.Commonwealth Ct. 367, 537 A.2d 96, *affirmed,* 520 Pa. 82, 551 A.2d 211 (1988). A demurrer admits as true all well pled material facts as well as all inferences reasonably deductible from these facts. *Snyder v. City of Philadelphia,* 129 Pa.Commonwealth Ct. 89, 564 A.2d 1036 (1989).

In considering the demurrer, therefore, we must venture further and must consider the Department's claim that Bronson's complaint sounds in mandamus. Mandamus is an extraordinary remedy utilized to compel official performance of a ministerial act or a mandatory duty. *Matesic v. Maleski,* 155 Pa.Commonwealth Ct. 154, 624 A.2d 776 (1993). Bronson's petition demands the following relief: "Petitioner seeks relief in the form of an order *requiring* respondents to provide Petitioner with the findings of their investigation surrounding ... Mark E. Ehnot...." Because Bronson is seeking an order compelling the Department to provide him with the results of an investigation, we agree with the Department the Bronson petition sounds in mandamus. *See Smith v. Board of Probation and Parole,* 129 Pa.Commonwealth Ct. 606, 566 A.2d 643 (1989) (inmate's petition requesting an order directing the Board to correct his records was in the nature of mandamus).[1]

A petitioner seeking mandamus relief must allege a clear legal right in the plaintiff, a corresponding duty in the defendant, and the absence of an adequate remedy at law. *County of Allegheny v. Commonwealth,* 507 Pa. 360, 490 A.2d 402 (1985). The Department argues that Bronson cannot establish that the Department has a duty to conduct an

---

1. *Smith* was overruled on other grounds in *Awkakewakeyes v. Department of Corrections,* 142 Pa.Commonwealth Ct. 232, 597 A.2d 210 (1991).

investigation at the request of an inmate or to reveal the results of an investigation to an inmate. Further, the Department asserts that Bronson has an adequate remedy at law, because he admitted in his response to the Department's preliminary objections that his dispute with Ehnot involves a music *contract* and Bronson could sue Ehnot for breach of contract. We agree with the Department.

■ Our review of Bronson's amended petition reveals that he never specifically averred that the Department has a legal duty to investigate, at his request, ethics violations of Department employees, or that the Department has a mandatory legal duty to provide him with the findings of such an investigation. He avers only that he asked the Department to investigate Ehnot and the Department refused to tell him whether it conducted an investigation, or, if it did conduct an investigation, provide him with the outcome. Further, Bronson has not pointed to any legal authority indicating that the Department has a duty to conduct an investigation at his request or to disclose the results of an investigation to him, nor has our research discovered any authority supporting his claim. A petition for mandamus relief which does not allege that the defendant has a legal duty which the defendant is required to perform, does not state a claim upon which relief can be granted. Pa.R.C.P. No. 1095; *Township of South Fayette v. Commonwealth,* 73 Pa.Commonwealth Ct. 495, 459 A.2d 41 (1983). In addition, while Bronson stated in his petition that he did not have an adequate remedy at law, he contradicted that allegation in his answer to the Department's preliminary objections, wherein he explains that he asked the Department to investigate Ehnot because of a dispute involving a contract to promote inmate songs. Since Bronson's contract dispute with Ehnot can clearly be resolved in a lawsuit, he has an adequate legal remedy.

Accordingly, the Department's preliminary objection in the nature of a demurrer is sustained and Bronson's amended

petition for review is dismissed.[2]

## ORDER

NOW, November 21, 1994, the Department's preliminary objection in the nature of a demurrer is sustained and the Amended Petition for Review in the above-captioned matter is hereby dismissed.

**2.** Because of our decision to grant the Department's demurrer, we need not reach the Department's preliminary objection asserting that Bronson's petition is factually insufficient.