# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Working Families Party, Christopher M. Rabb, Douglas B. Buchholz, and Kenneth G. Beiser, Petitioners | : : : : : : | |
| v. | : : | No. 435 M.D. 2016 Argued: September 13, 2016 |
| Commonwealth of Pennsylvania, Pedro A. Cortes, in his Official Capacity as Secretary of the Commonwealth of Pennsylvania and Jonathan M. Marks, in his Official Capacity as Commissioner, Bureau of Commissions, Elections and Legislation, Department of State, Commonwealth of Pennsylvania, Respondents | : : : : : : : : : : | |

Before:      HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE P. KEVIN BROBSON, Judge (P)
               HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION                  FILED: September 30, 2016
BY PRESIDENT JUDGE LEAVITT

Pending before the Court are cross-applications for summary relief. We grant respondents' application in part and deny petitioners' request for relief in mandamus. To the extent petitioners also seek a declaration that multiple provisions of the Pennsylvania Election Code[1] are unconstitutional, we direct the Chief Clerk to list the cross-applications for summary relief for oral argument before the Court sitting *en banc* in Harrisburg in December 2016.

---

[1] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2600 – 3591.

Petitioners challenge the "anti-fusion" provisions of the Election Code,[2] which prohibit a candidate nominated by a political *party* from running for the same office as a candidate of a political *body*. *See* Sections 102 and 801 of the Election Code, 25 P.S. §§2602, 2831.[3] Petitioners are the Working Families Party, Christopher M. Rabb, Douglas B. Buchholz, and Kenneth G. Beiser. The Democratic Party nominated petitioner Rabb (Candidate) at the April 2016 primary as its candidate for Representative in the General Assembly for the 200th Legislative District. The Working Families Party attempted in July to file nomination papers also nominating petitioner Rabb as its candidate for the same office. The Department of State, by respondent Commissioner Marks, rejected Candidate's nomination papers as the Working Families Party candidate because Candidate had deleted language in the statutory candidate's affidavit regarding the absence of any prior nomination and non-membership in a political party.

Petitioners then filed the pending two-count petition for review addressed to the Court's original jurisdiction. Count I seeks a declaratory judgment that Pennsylvania's anti-fusion ban is unconstitutional. Count II seeks a writ of mandamus directing the Secretary of the Commonwealth to accept the nomination papers proffered by the Working Families Party. The parties stipulated to the facts and filed the pending cross-applications for summary relief.

---

[2] Petitioners cite as the anti-fusion provisions sections 634 (substituted nominations for special elections); 910 (affidavits of candidates); 951 (nominations by political bodies); 976 (examination of nomination petitions, certificates and papers; return of rejected nomination petitions, certificates and papers); 979 (substituted nominations by parties); 980 (substituted nominations by political bodies); and 1406 (petition to establish identity by candidate nominated under different names; culmination prohibited) of the Election Code, 25 P.S. §§ 2784, 2870, 2911, 2936, 2939, 2940, 3156, respectively.

[3] A "political body" is an independent body of electors or political group that is smaller than a political party and did not receive sufficient votes in prior elections to be able to use the primary process to choose its candidate. As a consequence, the nomination papers of a candidate of a political body must meet higher signature requirements. 25 P.S. §2831.

Mandamus is an extraordinary remedy used to compel official performance of a ministerial act or a mandatory duty. *Bronson v. Investigations Division, Bureau of Special Services, Department of Corrections*, 650 A.2d 1160 (Pa. Cmwlth. 1994). A petitioner seeking relief in mandamus must demonstrate a clear legal right in the petitioner, a corresponding duty in the respondent, and the absence of an adequate remedy at law. *Id*. at 1163 (citing *County of Allegheny v. Commonwealth*, 490 A.2d 402 (Pa. 1985)). This Court has held that "the use of mandamus to compel public officials to act in violation of a statutory duty is not the proper procedure for testing the constitutionality of a statute." *Jamieson v. Pennsylvania Board of Probation and Parole*, 495 A.2d 623, 625-26 (Pa. Cmwlth. 1985).

Petitioners recognize that Commissioner Marks initially rejected the nomination papers because Candidate had altered the form of the statutory candidate's affidavit. They also acknowledge that Section 951 of the Election Code requires as follows:

> There shall be appended to each nomination paper offered for filing an affidavit of each candidate nominated therein, stating … (5) that his name has not been presented as a candidate by nomination petitions for any public office to be voted for at the ensuing primary election, *nor has he been nominated by any other nomination papers filed for any such office*.

25 P.S. §2911(e)(5) (emphasis added). Petitioners acknowledge that Candidate was nominated pursuant to nomination papers filed by the Democratic Party.

Relief in the nature of mandamus is appropriate only when it is clear that respondents owe a legal duty to petitioners and that they have failed to perform that duty. Here, petitioners recognize that they did not offer nomination papers that conform to the statutory requirements. Thus, Commissioner Marks properly rejected the papers. Mandamus is not the proper procedure for testing the

3

constitutionality of Section 951 of the Election Code. *Jamieson*, 495 A.2d at 625-26.[4]

Declaratory judgment is not similarly defined. Petitioners assert that the various provisions of the Election Code that preclude their nomination of a candidate who shares their position on issues of political importance just because a political party previously nominated that person are unconstitutional. According to petitioners, the Pennsylvania ban on multiple nominations of a single person violates their constitutional rights as established by Article I, Sections 2,[5] 5,[6] 7,[7] and 20[8] of the Pennsylvania Constitution and their right to equal protection guaranteed by the Fourteenth Amendment to the United States Constitution. These constitutional issues merit a more considered determination by this Court sitting *en banc*.

Accordingly, petitioners' application for summary relief is denied, and respondents' cross-application for summary relief is granted as to Count II of the petition for review; Count II (relating to mandamus) is dismissed. The Chief Clerk

---

[4] Because Candidate is on the ballot as the candidate of the Democratic Party, voters may choose him in the general election in November. His name is on the ballots that local boards of election have mailed to military and others who will vote while residing overseas.

[5] Article I, Section 2 states: "All power is inherent in the people, and all free governments are founded on their authority and instituted for their peace, safety and happiness. For the advancement of these ends they have at all times an inalienable and indefeasible right to alter, reform or abolish their government in such manner as they may think proper." Pa. Const. art. I, §2.

[6] Article I, Section 5 declares that "[e]llections shall be free and equal; and no power, civil or military, shall at any time interfere to prevent the free exercise of the right of suffrage." Pa. Const. art. I, §5.

[7] Article I, Section 7 provides in relevant part that "[t]he free communication of thoughts and opinions is one of the invaluable rights of man, and every citizen may freely speak, write and print on any subject, being responsible for the abuse of that liberty." Pa. Const. art. I, §7.

[8] Article I, Section 20 recognizes that "[t]he citizens have right in a peaceable manner to assemble together for their common good, and to apply to those invested with the powers of government for redress of grievances or other proper purposes, by petition, address or remonstrance." Pa. Const. art. I, §20.

shall list the parties' cross-applications for summary relief as they relate to Count I (relating to declaratory judgment) for argument before the Court *en banc* in December in Harrisburg.

                                    _____

                                    MARY HANNAH LEAVITT, President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Working Families Party,                          :
Christopher M. Rabb,                             :
Douglas B. Buchholz, and                         :
Kenneth G. Beiser,                               :
         Petitioners        :
                            :
         v.                 :    No. 435 M.D. 2016
                            :
Commonwealth of Pennsylvania,                    :
Pedro A. Cortes, in his Official                 :
Capacity as Secretary of the                     :
Commonwealth of Pennsylvania                     :
and Jonathan M. Marks, in his Official           :
Capacity as Commissioner, Bureau                 :
of Commissions, Elections and                    :
Legislation, Department of State,                :
Commonwealth of Pennsylvania,                    :
         Respondents        :

## **ORDER**

AND NOW, this 30th day of September, 2016, petitioners' application for summary relief is DENIED and respondents' cross-application for summary relief is GRANTED as to Count II of the petition for review. Count II (relating to mandamus) is DISMISSED.

The Chief Clerk shall list for argument the parties' cross-applications for summary relief as they relate to Count I (relating to declaratory judgment) before the Court *en banc* on the December argument list in Harrisburg.

_____
MARY HANNAH LEAVITT, President Judge