IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Small,                              :
                    Petitioner            :
                                          :
        v.                                :
                                          :
Pennsylvania Department of                :
Corrections, Pennsylvania Board           :
of Probation and Parole,[1] et al.,       :   No. 406 M.D. 2020
                    Respondents           :   Submitted: November 19, 2021


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge[2]
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                      FILED: March 14, 2022


        Before this Court are the Pennsylvania Department of Corrections'
(DOC) and the Pennsylvania Parole Board's (Board) (collectively, Respondents)
preliminary objections (Preliminary Objections) to Kevin Small's (Petitioner)
Petition for Review (Petition) filed in this Court's original jurisdiction, and
Petitioner's Motion for Summary Judgment (Summary Judgment Motion).

---

[1] The Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole
Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective
February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, 61 Pa.C.S.
§§ 6101, 6111(a).

[2] This case was assigned to the opinion writer before January 7, 2022, when Judge Cohn
Jubelirer became President Judge.

## Background[3]

Petitioner is currently an inmate at the Federal Bureau of Prisons completing a 135-month sentence. During Petitioner's federal trial, Petitioner's former attorney, Joseph M. Sembrot, Esquire (Counsel), advised Petitioner that the United States (U.S.) government had entered numerous documents into discovery reflecting that Petitioner had testified in front of a federal grand jury against several DOC inmates regarding a credit card scam. Counsel gave Petitioner a two-page document explaining the circumstances and naming the DOC inmates from whom Petitioner should be kept separated because of his testimony. *See* Petition Exs. 1-2. The document is also maintained in Petitioner's official file, and in the files of the individuals from whom Petitioner should be separated.

Petitioner claims he has never testified against anyone, let alone the named individuals, pertaining to a credit card scam within DOC or anyplace else, and the only way these entries could have been made a part of Petitioner's permanent file was by a DOC staff member. Because Petitioner's and the other individuals' files can be viewed by the inmates at any time, those individuals are also aware of the allegations, but do not know that they are false. As a result, Petitioner's family members have received threatening correspondence by U.S. mail, with no return address, on numerous occasions expressing the intentions of certain individuals to bring harm to Petitioner when the opportunity presents itself. Because Petitioner does not know the listed individuals, he assumes the only way they could have obtained Petitioner's family's address is from a DOC employee. Accordingly, Petitioner believes the threat was made by a DOC staff member.

Petitioner requested through Counsel to subpoena any and all records that the Office of the U.S. Attorney (U.S. Attorney) may have in its possession that

---

[3] The facts are as alleged in Petitioner's Petition.

indicate he testified before a federal grand jury about a credit card scam, or any other subject at any time. The U.S. Attorney's Office responded that it could find no such records. *See* Petition Exs. 3, 4.

Although Petitioner is currently confined in the federal prison system, he will eventually return to DOC's custody for completion of an anticipated parole violation sentence, which will place Petitioner's life in extreme danger because the involved DOC staff and the inmates who have become aware of the false allegations have ill feelings toward Petitioner.

When an individual is in fear for his life within DOC, he is usually housed in the prison's Restricted Housing Unit (RHU), and transferred to another prison within DOC to neutralize any further threat. However, Petitioner declares that is not an option for him. First, it is not clear which DOC staff member caused the false entries to be placed in his official record and, even if the entries were to be removed, the damage has already been done. Moreover, Petitioner should not be expected to spend his time in an RHU, which is usually reserved for punitive purposes, when DOC employees manufactured the circumstances. And, even with placement in an RHU, Petitioner's safety cannot be guaranteed when there is no way of knowing the friends and/or family members of the named individuals.[4] Finally, Petitioner should not have to anticipate the possibility of bodily harm coming to him because someone manufactured allegations. Petitioner believes the threat is genuine because almost all of the listed individuals are convicted murderers.

Petitioner has written numerous letters to DOC's Secretary, but he has not received any response.

---

[4] Additional entries have been entered into Petitioner's file concerning inmate Eric Rambert, who purportedly has a close relationship with one of the individuals from whom the document states that Petitioner should be separated.

3

## Facts

On July 2, 2020, Petitioner filed the Petition which he entitled "Motion for Out-of-State Transfer or Safe Alternative," Pet. at 1, seeking

> an investigation be initiated to locate the individual(s) responsible for these acts of what amounts to attempted murder, and that [DOC] in conjunction with the Board . . . make the necessary arraingments [sic] to place [] [P]etitioner in a facility outside of [DOC] prisons to serve his sentence for violation of his parole that won't be a burden on his family as it pertains to visits[.]

Pet. at 5. Therein, Petitioner further "request[s] that [DOC] cut a check that is payable to [] [P]etitioner in the amount of [o]ne [m]illion [(]$1,000,000.00[)] U.S. [d]ollars to cover the cost of pain and suffering expirienced [sic] by [] [P]etitioner upon discovering that individuals employed by [DOC] conspired to bring him bodily harm." Pet. at 6.

On September 9, 2020, Respondents filed the Preliminary Objections to the Petition, alleging: (1) lack of proper service; (2) failure to state a cognizable claim for numerous reasons; and (3) laches or equitable estoppel. By September 11, 2020 Order, this Court directed Petitioner to properly serve Respondents. After Petitioner complied, by October 22, 2020 Order, this Court overruled Respondents' Preliminary Objection alleging lack of proper service. On October 24, 2021, Petitioner filed the Summary Judgment Motion. The Preliminary Objections and Summary Judgment Motion are now ripe for disposition.

## Discussion

Preliminarily, Petitioner framed the Petition as a transfer motion and presented it in letter form, rather than in accordance with the Pennsylvania Rules of Civil Procedure. *See* Pa.R.Civ.P. 1018.1-1022 (relating to pleading form). However, the allegations appear to set forth a mandamus action requesting this Court

4

to compel DOC and the Board to place Petitioner in a non-DOC facility if and when he is committed as a parole violator. Further, the Petition sets forth possible claims against DOC for the actions of its staff that resulted in the need for the transfer, and seeks monetary damages. This Court will review the Preliminary Objections filed in response thereto accordingly.

> In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, *it must appear with certainty that the law will not permit recovery*, and any doubt should be resolved by a refusal to sustain them.
>
> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review in the nature of a] complaint and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. *When ruling on a demurrer, a court must confine its analysis to the* [*petition for review in the nature of a*] *complaint*.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (emphasis added; citations omitted). "'[C]ourts reviewing preliminary objections may not only consider the facts pled in the [petition for review in the nature of a ]complaint, but also any documents or exhibits attached to it.' *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014)." *Foxe v. Pa. Dep't of Corr.*, 214 A.3d 308, 311 n.1 (Pa. Cmwlth. 2019).

## Statute of Limitations

Respondents first argue that Petitioner's claim is barred by the applicable statute of limitations and/or by the doctrines of laches and/or equitable

estoppel.[5]  Specifically, Respondents contend that a one-year statute of limitations applies to defamation actions, and a two-year statute of limitations applies to negligence actions, and, since the Petition's attachments reflect that Counsel made Petitioner aware of the alleged false statements in DOC's inmate records as early as May 23, 2013, Petitioner's claim is barred.[6]

Section 5523 of the Judicial Code provides: "The following actions and proceedings must be commenced within one year: [] An action for libel, slander or invasion of privacy."  42 Pa.C.S. § 5523.

> However, . . . [S]ection 5523 [of the Judicial Code] is a statute of limitations, not a statute of repose, and is thus subject to the discovery rule.  The discovery rule tolls the running of a statute of limitation until the plaintiff knows or reasonably should know that an injury has occurred.

*Altoona Area Sch. Dist. v. Campbell*, 618 A.2d 1129, 1135 (Pa. Cmwlth. 1992).

Here, Petitioner became aware of the allegedly false allegations no later than May 23, 2013, the date of Counsel's letter advising Petitioner of the U.S. Attorney's response to his subpoena.  *See* Petition Ex. 4.  Because the Petition was filed on July 2, 2020, more than seven years later, to the extent Petitioner is pursuing a cause of action for libel or slander, Petitioner's claim is barred by a one-year statute of limitations.

---

[5] Although the statute of limitations is an affirmative defense which is required to be raised by new matter, courts will review it as a preliminary objection where there is no objection to the preliminary objection.  *See Feldman v. Hoffman*, 107 A.3d 821 (Pa. Cmwlth. 2014).  Here, Petitioner did not object to the form of Respondents' pleading.

[6] Petitioner rejoined by attaching 32 new exhibits to his brief.  However, in reviewing preliminary objections, this Court cannot consider exhibits attached to an inmate's brief.  *See Thomas v. Corbett*, 90 A.3d 789 (Pa. Cmwlth. 2014).  Petitioner also attempted to amend his Petition by adding a respondent, i.e., "Tanya Brandt[,]" and a request for "$12,000,000.00" in "punitive damages."  Petitioner's Br. at 14.

Section 5524 of the Judicial Code mandates, in relevant part:

The following actions and proceedings must be commenced within two years:

. . . .

7. Any [] action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

42 Pa.C.S. § 5524.

The Pennsylvania Superior Court has explained that this two-year period begins to run

"as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations." *Pocono Int'l Raceway v. Pocono Produce*, . . . 468 A.2d 468, 471 ([Pa.] 1983). A person asserting a claim is under a duty to use "all reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period." *Id*. In those circumstances where the plaintiff cannot reasonably be expected to be aware of the injury or of its cause, the discovery rule may apply to toll the running of the statute of limitations. *Id*. The discovery rule is a judicially created device which provides that the limitations period begins to run when "the plaintiff knows or reasonably should know: (1) that he has been injured, and (2) that his injury has been caused by another party's conduct." *Redenz by Redenz v. Rosenberg*, 520 A.2d 883, 885 [(Pa. Super. 1987)] . . . . The statute begins to run when the injured party "possess[es] sufficient critical facts to put him on notice that a wrong has been committed and that he need investigate to determine whether he is entitled to redress." *Brunea v. Gustin*, 775 F. Supp. 844, 846 (W.D. Pa. 1991)[] [(]quoting *Zeleznik v. United States*, 770 F.2d 20, 23 (3[]d Cir. 1985)[)].

*Haggart v. Cho*, 703 A.2d 522, 526 (Pa. Super. 1997) (quoting *A. McD. v. Rosen*, 621 A.2d 128, 130 (Pa. Super. 1993)).

Here, Petitioner possessed sufficient critical facts to put him on notice that a wrong had been committed no later than May 23, 2013, the date of Counsel's letter advising Petitioner of the U.S. Attorney's response to his subpoena. *See* Petition Ex. 4. Because the Petition was filed more than seven years later, on July 2, 2020, to the extent Petitioner is alleging a cause of action for negligent, intentional or otherwise tortious conduct, Petitioner's claim is barred by a two-year statute of limitations.

Accordingly, Respondents' Preliminary Objection alleging that, to the extent Petitioner claims an action for libel, slander, negligent, intentional or other tortious conduct, Petitioner's claim is barred by the statute of limitations is sustained.[7]

**Mandamus**

To the extent Petitioner is alleging a mandamus claim against DOC, Respondents argue that Petitioner has not established a clear legal right to have the statements in his prison record investigated or expunged, nor a corresponding duty on the part of DOC to investigate or expunge those statements. The Petition reveals that Petitioner is not seeking expungement of his prison record. Rather, Petitioner is seeking an investigation into his allegedly fabricated prison record and a transfer out of DOC custody.

This Court has explained:

> The common law writ of mandamus lies to compel an official's performance of a ministerial act or a mandatory

---

[7] Given this disposition, this Court does not reach the issue of whether the Petition is barred by laches or equitable estoppel.

duty. "The burden of proof falls upon the party seeking this extraordinary remedy to establish his legal right to such relief." *Werner v. Zazyczny*, . . . 681 A.2d 1331, 1335 ([Pa.] 1996). Mandamus requires "[1] a clear legal right in the plaintiff, [2] a corresponding duty in the defendant, and [3] a lack of any other adequate and appropriate remedy at law." *Crozer Chester Med*[.] [*Ctr.*] *v. Dep*[*'t*] *of Lab*[.] [*&*] *Indus*[.]*, Bureau of Workers' Comp*[.]*, Health Care Serv*[*s.*] *Rev*[.] *Div*[.]*, . . .* 22 A.3d 189, 193 ([Pa.] 2011) (citations omitted). Mandamus is not available to establish legal rights but only to enforce rights that have been established. *Wilson v.* [*Pa.*] [*Bd.*] *of Prob*[.] [*&*] *Parole*, 942 A.2d 270, 272 (Pa. Cmwlth. 2008).

*Sinkiewicz v. Susquehanna Cnty. Bd. of Comm'rs*, 131 A.3d 541, 546 (Pa. Cmwlth. 2015) (citation omitted).

Here, even accepting Petitioner's allegations as true, as this Court must, Petitioner has not established a clear legal right to an investigation and/or transfer, nor a corresponding duty in DOC to investigate the matter or transfer him. "[A] prisoner has no [clear] right to seek . . . []transfer even under a claim of a retaliatory transfer, absent a violation of state law, which [Petitioner] has not alleged in this case." *Yount v. Pa. Dep't of Corr.*, 966 A.2d 1115, 1130 (Pa. 2009) (McCaffery, J., concurring). In addition, "[p]arole prior to the expiration of his maximum sentence is an act of executive grace to which an inmate has no entitlement." *Evans v. Pa. Bd. of Prob. & Parole*, 820 A.2d 904, 913 (Pa. Cmwlth. 2003).

Further,

[Petitioner] has not pointed to any legal authority indicating that [DOC] has a duty to conduct an investigation at his request or to disclose the results of an investigation to him, nor has our research discovered any authority supporting his claim. A petition for mandamus relief which does not allege that the defendant has a legal duty which the defendant is required to perform, does not state a claim upon which relief can be granted.

9

*Bronson v. Investigations Div., Bureau of Special Servs., Dep't of Corr.*, 650 A.2d 1160, 1163 (Pa. Cmwlth. 1994).  Accordingly, because Petitioner has not alleged that he has a clear legal right to relief or that DOC has a corresponding duty, this Preliminary Objection is sustained.[8]

## Summary Judgment Motion

After sustaining the above Preliminary Objections, there are no remaining claims in the Petition.[9]  Thus, the Summary Judgment Motion is denied as moot.

## Conclusion

For all of the above reasons, the Respondents' Preliminary Objections are sustained, Petitioner's Petition is dismissed, and Petitioner's Summary Judgment Motion is denied as moot.

_____
ANNE E. COVEY, Judge

---

[8] Notwithstanding, this Court strongly urges DOC to investigate Petitioner's claims and to address his security issues.  Fairness and decency dictate that DOC and the Board constructively and effectively respond to Petitioner's concerns under the specific circumstances.

[9] Thus, this Court does not reach the remaining Preliminary Objections.

Kevin Small,                                    :
                    Petitioner                   :
                                                 :
            v.                                    :
                                                 :
Pennsylvania Department of                       :
Corrections, Pennsylvania Board                  :
of Probation and Parole, et al.,                 :    No. 406 M.D. 2020
                    Respondents                   :

## O R D E R

AND NOW, this 14th day of March, 2022, the Pennsylvania Department of Corrections' and the Pennsylvania Parole Board's preliminary objections to Kevin Small's (Petitioner) Petition for Review (Petition) are SUSTAINED, and Petitioner's Petition is DISMISSED. Petitioner's Motion for Summary Judgment is DENIED as moot.

_____
ANNE E. COVEY, Judge